UNITED STATES DISTRICT OURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| MARY ANNETTE ABERNATHY, *et al.*, | § | |
|    *Plaintiffs*, | § | |
| | § | Civil Action No. 1:14-CV-466 |
| v. | § | |
| | § | |
| BECON CONSTRUCTION CO., INC., | § | |
|    *Defendants*. | § | |

**MEMORANDUM ADOPTING REPORT AND
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Pursuant to General Order 14-10 and 28 U.S.C. § 636, this matter was directly assigned to United States Magistrate Judge Keith F. Giblin for pretrial matters. On June 22, 2016, Judge Giblin entered his report and recommendation (Doc. No. 56) recommending that the District Court compel arbitration of 492 of the plaintiffs' claims in this matter and stay the action pending arbitration of those claims. The magistrate judge also recommended that the claims of 22 remaining plaintiffs not be compelled to arbitration until those plaintiffs submitted evidence showing that they did in fact work for the defendant on the Motiva Crude Expansion Project (CEP). Upon entry of the report and recommendation, this case was assigned to this Court as the presiding judge.

All parties objected to the report and recommendation, and then responded to the opposing parties' objections. *See Objections* (Doc. No. 58, Doc. No. 60) and *Responses to Objections* (Doc. No. 61 and Doc. No. 64). Plaintiffs specifically object to Judge Giblin's findings concerning the language of the Employee Dispute Resolution ("EDR") Plan at issue in this case. Plaintiffs agree, however, with the Court's recommendation that their request to compel arbitration be granted.

1

Defendant in turn objects by arguing that Judge Giblin erred in compelling the arbitration of the claims of 492 plaintiffs and in recommending denial of the defendant's motion for summary judgment on its counterclaim. Defendant goes on to contend that the magistrate judge should not have even considered the plaintiffs' motion to compel arbitration as it was untimely.

The Court has considered the parties' objections and finds they should be overruled. A thorough review of Judge Giblin's analysis shows that he properly considered the EDR and engaged in the appropriate analysis before determining that the defendant's promise to arbitrate under the EDR was illusory. He also fully considered the factors in determining whether the defendant should be judicially estopped from arguing that the EDR is invalid. This Court's own review of the evidence and complicated background of this case supports a finding that the defendant's current position regarding the validity and enforceability of the EDR is clearly inconsistent with its prior position on the issue. The Court also agrees with Judge Giblin's application of judicial estoppel in the interest of consistency and equity. *See Report*, at p. 11.

Plaintiffs' objections do not alter the Court's agreement with Judge Giblin's finding that the defendant's promise to arbitrate under the EDR was illusory and thus invalid. Plaintiffs' objections re-assert many of the same arguments already presented to Judge Giblin when he issued his report. In adopting Judge Giblin's findings on the issue, this Court overrules those arguments. The additional cases that plaintiffs seek to add to the record as purported evidence relating to Becon's prior representations regarding the validity of the EDR are redundant of prior evidence submitted and would not alter this Court's final decision even if they were considered.

Turning to the defendant's objections, Becon's argument that Judge Giblin failed to address the issue of Becon's termination of the EDR in November 2013 is misplaced. In fact, Judge Giblin discussed the defendant's notice to the plaintiffs regarding the termination of the

2

EDR program. *See Report*, at p. 11. The Court also disagrees with Becon's characterization of the magistrate judge's analysis when it argues that Judge Giblin "confused the distinction between (1) Becon's right to terminate the EDR, and (2) the effect of Becon's exercise of that right." *See Defendant's Objections*, at p. 3.

First, Becon seems to be the one that is confused as to the basic nature of its argument. The only way that the notice affects this case is if it applies retroactively to defeat Plaintiffs' right to arbitrate their already accrued FLSA claims. If the notice applies retroactively, then Defendant's promise to arbitrate was illusory. If Defendant's promise was illusory, then there was no consideration and the EDR was never a valid contract. If the EDR was never a valid contract, then the notice sent by Becon is just a useless piece of paper, terminating something that does not exist. Defendant's argument that Judge Giblin confused its right to terminate the EDR and the effect of its exercising that right is a distinction without a difference. Judge Giblin properly concluded that the notice is an immaterial factual change. The truth is that Becon duped this Court into validating an invalid arbitration contract and is now coming back to this same court arguing that the facts have changed because it sent out a notice that only matters if this Court was wrong in initially validating the arbitration contract.

Second, as Judge Giblin noted in his Report, the notice sent to Plaintiffs does not state that it applies retroactively to terminate any right to arbitration for Plaintiffs' already-accrued FLSA claims. *Report*, at p. 11 n.5. Assuming Defendant had such a right, the notice states only that the EDR was terminated and does not say anything about retroactive application. The notice also specifically states that the EDR was in force while Plaintiffs worked on the Motiva Expansion Project. It is difficult to see how a notice, which does not say it applies retroactively to Plaintiffs' right to compel arbitration of its already-accrued claims, changes the facts in such a

way that judicial estoppel is not applicable. Upon *de novo* review by this Court, it becomes clear that the lack of retroactive effect of the notice completely defeats any argument that the facts have changed.

It is questionable whether the facts have actually changed such that judicial estoppel is defeated. Even if assuming, *arguendo*, that Becon's position on this issue is correct, the Court's own independent analysis yields the conclusion that Judge Giblin's recommended outcome would still be proper given the applicable law and all factors to be considered. The record evidence supports Judge Giblin's ultimate conclusion on the judicial estoppel issues, and the remainder of Becon's objections on these findings are also overruled.

Finally, as for Becon's objection to Judge Giblin allowance of plaintiffs' motion to compel past the motion cut-off deadline, the Court will not disturb this determination. In support, the Court notes the broad discretion afforded to the Court in managing its own docket and enforcing deadlines. *See Cranford v. Morgan Southern, Inc.*, 421 F. App'x 354, 357 (5th Cir. April 5, 2011) (citing *United States v. Colomb*, 419 F.3d 292, 299 (5th Cir. 2005)). The magistrate judge found good cause in allowing the late-filed motion in noting the importance of the arbitration issues in this case, considering that a finding against Becon on its counter-claim means that Plaintiffs' claims are subject to a valid arbitration clause. *See Report*, at p. 11, n. 1. A district court is entitled to broad discretion in modifying scheduling matters for good cause. *See Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990)(citing FED. R. CIV. P. 16(a)). At the time he permitted the filing of the late motion to compel arbitration, this case was directly assigned to Judge Giblin. The Court concludes that he did not abuse his discretion in allowing the late motion and will not disturb this decision given the broad discretion afforded to the court on case management matters. The defendant's objection is therefore overruled in this regard.

The Court has considered each of the parties' objections and responsive briefs and the magistrate judge's report. Having conducted a *de novo* review, the Court is of the opinion that the findings and conclusions of the magistrate judge are correct. It is therefore **ORDERED t**hat the *Report and Recommendation on Motion to Stay Action and Compel Arbitration* (Doc. No. 56) is **ADOPTED**. The parties' objections (Doc. No. 58, Doc. No. 60) are **OVERRRULED**. This Court therefore **ORDERS** that the Plaintiffs' *Motion to Stay Action and Compel Arbitration* (Doc. No. 38) is **GRANTED IN PART**. The motion is granted as to 492 of the plaintiffs' claims as designated in the Report and Recommendation. The motion is denied as to the 22 plaintiffs who have failed to prove that they actually worked for Becon, as discussed in the report.

The plaintiffs are granted leave to supplement the record by submitting evidence to the Court within **thirty (30) days** of this order as proof that the remaining 22 plaintiffs were in fact employed by Becon. The Court will consider this evidence regarding those plaintiffs' request that their claims be submitted to arbitration. Failure to submit sufficient evidence will result in dismissal of those plaintiffs' claims without prejudice. After receipt of the plaintiffs' submissions and entry of any necessary dismissal order, the Court will enter a stay while the parties submit the active plaintiffs' claims to arbitration.

So **ORDERED** and **SIGNED** this **18** day of **August, 2016.**

_____
Ron Clark, United States District Judge